People v Govan

2026 NY Slip Op 02668

April 29, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This decision is uncorrected and subject to revision before publication in the Official Reports.

The People of the State of New York, respondent,

v

Kwauhuru Govan, appellant.

Supreme Court of the State of New York, Appellate Division, Second Judicial Department

Decided on April 29, 2026

2018-12407, (Ind. No. 8630/16)

Mark C. Dillon, J.P.

Valerie Brathwaite Nelson

Lillian Wan

Phillip Hom, JJ.

Patricia Pazner, New York, NY (Melissa Horlick of counsel), for appellant.

Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove and Jordan Cerruti of counsel), for respondent.

[*1]

DECISION & ORDER

Appeal by the defendant from a judgment of the Supreme Court, Kings County (Joanne Quinones, J.), rendered September 7, 2018, convicting him of murder in the second degree and kidnapping in the first degree, upon a jury verdict, and imposing sentence.

ORDERED that the judgment is affirmed.

Viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620, 621), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15[5]; People v Danielson, 9 NY3d 342, 348), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (see People v Mateo, 2 NY3d 383, 410; People v Bleakley, 69 NY2d 490, 495). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (see People v Romero, 7 NY3d 633, 644).

The defendant's contention that his rights under the Confrontation Clause of the Sixth Amendment to the United States Constitution were violated by the admission of testimony of a criminalist employed by the Office of the Chief Medical Examiner of the City of New York is unpreserved for appellate review (see People v Battle, 239 AD3d 764, 766; People v Bostic, 236 AD3d 1051, 1054). In any event, the contention is without merit as the criminalist's testimony established that he conducted his own independent analysis of the results and, therefore, he did not merely function as a conduit for the conclusions of others (see People v Battle, 239 AD3d at 766; People v Bostic, 236 AD3d at 1054; People v Sirleaf, 231 AD3d 969, 971).

The defendant's contention that he was denied a fair trial due to certain comments made by the prosecutor during summation is unpreserved for appellate review (see CPL 470.05[2]; People v Manning, 239 AD3d 887, 889; People v Battle, 239 AD3d at 766) and, in any event, without merit (see People v Escalona, 237 AD3d 968, 970; People v Dubarry, 215 AD3d 689, 691).

The defendant's contention that he was deprived of the effective assistance of counsel is without merit. The evidence, the law, and the circumstances of this case, viewed in totality and [*2]as of the time of the representation, reveal that defense counsel provided meaningful representation (see People v Escalona, 237 AD3d at 970; People v Russell, 216 AD3d 1111, 1113).

The defendant's remaining contentions do not warrant reversal.

DILLON, J.P., BRATHWAITE NELSON, WAN and HOM, JJ., concur.

ENTER:

Darrell M. Joseph

Clerk of the Court